IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NASTARCIA PARKER, INDIVIDUALLY**                                                                                      **PLAINTIFF**
**and NEXT FRIEND OF T.A., A MINOR**

**V.**                                                                                                    **NO: 4:20CV191-M-JMV**

**GREENVILLE PUBLIC SCHOOL**                                                                         **DEFENDANTS**
**DISTRICT, ET AL.**

## MEMORANDUM OPINION

This cause comes before the Court on Defendants' Motion for Summary Judgment [30]. Plaintiff has responded in opposition to this motion, and the Court having considered the submissions of the parties and the applicable law is prepared to rule.

### Factual and Procedural Background

During 2019-2020 school year, T.A. ("the minor") was a senior at Greenville High School ("GHS"), a school in the Greenville Public School District ("GPSD"). The minor was a member of the GHS football team and also ran for homecoming king during the Fall 2019 semester. The minor received the most votes for homecoming king and won the election, receiving more votes than three other senior year football players.

The minor alleges that he was bullied and harassed by members of the GHS administration as a result of running for and later being elected homecoming king. The minor further alleges that due to his running for homecoming king, he was not allowed to play in the homecoming football game and later was forced to perform "bear crawls" the week after the homecoming game.

The minor alleges that the defendants violated the Equal Protection and Due Process Clauses, that the GPSD is vicariously liable for violating the minor's rights, and that the defendants

violated multiple state laws by bullying, or allowing the minor to be bullied, based on his decision to run for homecoming king.

### Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

### Discussion

I. **Equal Protection Clause**

The Court will first address the minor's federal claims before moving to the minor's state law claims. The minor asserts that his rights under the equal protection clause have been violated by the administration and staff of GHS. The discrimination alleged by the plaintiff does not rise

to a violation of a cognizable federal constitutional right belonging to the plaintiff. Even giving plaintiff's claims benefit of the doubt, plaintiff's equal protection clause violation claims fail.

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o state shall make or enforce any law which shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection clause "essentially [directs] that all persons similarly situated should be treated alike." *Plyer v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982). A plaintiff asserting an equal protection claim must establish that "a state actor intentionally discriminated against [him] because of membership in a protected class[,]' or that he has been "intentionally treated differently from others similarly situated and that there is not rational basis for the difference in treatment." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999), *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). The Equal Protection Clause is implicated even when a "class" consisting of a single plaintiff is intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

The minor alleges two instances where he was bullied and treated differently by McCray, GHS's football coach. The minor claims that McCray bullied him due to running for homecoming king by not allowing him to play in the homecoming football game and by making him perform "bear crawls" the following week. The defendants argue that since a "plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class[,]" his race, the minor must point to comparators in a non-protected class who were not discriminated against as the plaintiff was. The minor, however, contends that a "class of one" action gives rise to this cause of action, as he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.

3

As previously stated, the purpose of the class of one justification under the Equal Protection Clause is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination…." *Id*. (citing *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 43 S.Ct 190, 67 L.Ed. 340 (1923)). Again, to be successful under this type of claim, a plaintiff must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Also, a plaintiff must show that "illegitimate animus or ill-will" resulted in the defendants' intentionally different treatment. *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000). Conclusory allegations of discriminatory intent, without reference to specific facts, will not suffice. *Fennel v. Marion Independent School. Dist*., 804 F.3d 398, 412 (5th Cir. 2015).

The minor alleges that he was treated differently than another African American senior on the football team, J.C., as J.C. was allowed to ride in the homecoming parade, play in the homecoming game, and not forced to exercise after practice a week later. Even when taking the minor's claims as true that he was treated differently, that is not enough to prevail. The minor must show that the reason for this treatment was wholly arbitrary. To withstand summary judgment the minor must establish genuine issues of material fact as to whether the minor was intentionally treated differently from others similarly situated and that there was no rational basis for any difference in treatment. In determining whether the rational basis test has been met, the plaintiff must show that the justification for the actions was not rationally debatable. *Levi v. University of Texas at San Antonio*, 840 F.2d 277, 280 (5th Cir. 1988).

The defendants assert that the minor did not play in the homecoming game and had to do bear crawls the next week due to missing practice to participate in the homecoming parade. The minor claims that these actions were taken against him due to his decision to run for homecoming

4

king. The reason for the minor not playing in the game and having to perform bear crawls is at the very least debatably related to maintaining and coaching a football team, and the minor must therefore establish that the reasons given are pretextual.

The minor's contention that he was subjected to these actions because he ran for homecoming king is not supported by the record. There is no evidence that the minor's attempt and success at running for homecoming king caused the defendants, including the football coach, to be upset with the minor. The minor presents only rumors and speculation to support this claim with no evidence controverting the defendants' reasoning for the actions taken against the minor. The only evidence that shows the coach's alleged negative position on his players participating in homecoming activities is his statement that the homecoming parade was too close in time to the football game, which would cause players participating in the parade to miss part of the game.

There is no evidence that the defendants' alleged actions of treating him differently were a result of "illegitimate animus or ill will" or that the different treatment was a deliberate attempt to "deprive him of equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendants' position." *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000). Further, the minor has failed to show there was no rational basis for difference in treatment from others allegedly similarly situated. The football coach claims the actions were taken due to the minor having to miss practice due to his involvement with homecoming activities. The minor has also not met the burden of "negativing any reasonably conceivable state of facts that could provide a rational basis for their differential treatment." *Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 87 (5th Cir. 2008). The minor's self-serving statements are not enough to contradict the given reasoning and show that it was pretextual. The Court finds there to be no equal protection clause violation.

**II.     Due Process Clause**

The minor claims that his Due Process rights under the Constitution were violated by the defendants.  Substantive due process protects individuals from "arbitrary action of government." *Cty. Of Sacramento v. Lewis*, 523 U.S. 833, 845-46, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Substantive due process is violated by state conduct that "shocks the conscience[.]" *Rochin v. California*, 342 U.S. 165, 171, 72 S.Ct. 205, 96 L.Ed. 183 (1952).  To give rise to a substantive due process claim, the behavior of the state actors must be more egregious than that which gives rise to a common tort action. Conduct shocks the conscience when it: "violates the decencies of civilized conduct"; "is so brutal and offensive that it does not comport with traditional ideas of fair play and decency"; "interferes with rights implicit in the concept of ordered liberty"; and "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Doe ex rel. Magee v. Covington School Dist. Ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012) (quoting *County of Sacramento*, 523 U.S. at 846-47 & n. 8, 118 S.Ct 1708).  The plaintiff must show that the defendants "acted with deliberate indifference toward the plaintiff" by "consciously disregard[ing] a known and excessive risk to the victim's health and safety." *Hernandez ex rel. v. Texas Dept. of Protective and Regulatory Services*, 380 F.3d 872, 880 (5th Cir. 2004).

The defendants argue that the minor has not shown an accompanying allegation of "physical harm or any physical contact".  The minor contends that this has been shown through the evidence as he was forced to perform "grueling physical tasks in the rain" and now suffers from "severe mental and physical symptoms." The defendants contend that performing bear crawls does not reach the standard of "physical harm or physical contact" that shocks the conscience, and the Court agrees.  The minor has testified that bear crawls were something that the coach had the

6

players do at practices. This does not reach the very high standard as set forth in *Doe ex Rel. Doe ex Rel*, 675 F.3d at 867. The Court finds there to be no substantive due process violation.

### III. GPSD Liability

The minor alleges that GPSD is also liable for the alleged constitutional violations, as the GPSD had an official policy, and the policy was the moving force behind the violation of constitutional rights. A plaintiff pursuing a Section 1983 claim against a school district must establish "(1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 78 (5th Cir. 2001). As the Court has already determined there have not been any constitutional rights violations, the plaintiff's claims fail.

### IV. State Law Claims

Remaining before the Court are plaintiff's state law claims. In a case such as this one, where all federal claims are dismissed prior to trial, 28 U.S.C. § 1367(c)(3) grants this Court discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. In the Fifth Circuit, the "general rule" is that "courts should decline supplemental jurisdiction [over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). Pursuant to this authority, the Court will decline supplemental jurisdiction over Plaintiff's state law claims. In so concluding, the Court notes that § 1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction [if] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The four § 1367(c) factors are thus listed in the disjunctive, which means that only one of them needs to be met in order to grant a district court discretion to decline to exercise supplemental jurisdiction. Federal law also requires consideration of the "common law factors [of] judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed. 2d 720 (1988).

In the Court's view, the statutory factors, as well as the *Cohill* considerations, support declining to exercise supplemental jurisdiction in this case. Regarding the first § 1367(c) factor, the Court concludes that the state law claims in this case involve at least potentially difficult issues of state law which are of local, rather than federal, concern. The plaintiff is seeking to hold a school district and some of its employees liable for bullying or harassing the plaintiff, and this fact pattern may give rise to potentially difficult issues of state law. This Court regards comity considerations as being very important in the context of bullying and harassment claims regarding a Mississippi school district, since Mississippi state courts have a strong interest in being able to litigate school district bullying and harassment matters in a timely and efficient manner, without undue influence from the federal courts. With regard to the second § 1367(c) factor, the Court concludes that the state law claims predominate in this case, since it is, at its heart, a Mississippi public school bullying and harassment case which plaintiff has unsuccessfully sought to transform into a federal lawsuit. This Court concludes that the comity factors discussed above constitute "exceptional circumstances" within the meaning of the fourth § 1367(c) factor, and they likewise support a conclusion that the *Cohill* factors are met. Thus, this Court concludes that multiple § 1367(c) factors support declining to exercise supplemental jurisdiction over this case, even though only one of them is required in order to do so.

8

**Conclusion**

**ACCORDINGLY**, the Defendants' Motion for Summary Judgment [30] is **GRANTED**. Plaintiff's federal law claims are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 16th day of March, 2022.

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI